887 F.2d 895
 56 Ed. Law Rep. 755
 Patrick H. DICKENS, individually, and as natural father of
deceased minor, John H. Dickens; Alice R.
Dickens, individually, and as natural
mother of deceased minor, John
H. Dickens, Appellants,
v.
The STATE OF MISSOURI, by way of John ASHCROFT, Governor,
William Webster, Attorney General, Wendell Bailey,
Treasurer, John A. Pelzer, Commissioner of Office of
Administration, all in their official capacities; The
Missouri State Board of Education, by way of its board of
directors, in their official capacities, Roseann Bentley,
Dan L. Blackwell, Terry A. Bond, Thomas R. Davis, Susan D.
Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson and
Roger L. Tolliver; The St. Louis Board of Education, by way
of its board members, all in their official capacities,
Richard K. Gaines, Thomas Bugel, Louis Fister, Shirley Kiel,
John Mahoney, Marjorie Smith, Douglas Rush, Penelope Alcott,
Dorothy Springer, Earl Nance, Jr., Eddie Davis, Joyce
Thomas; Jerome B. Jones, Superintendent of the St. Louis
Public Schools, in his official capacity; Mary Beth Purdy,
individually and in her official capacity as Principal of
Classical Jr. Academy, St. Louis Public School; Veronica
Hughes, individually and in her official capacity as teacher
at Classical Jr. Academy, St. Louis, Appellees.
 No. 89-1216.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1989.
Decided Oct. 17, 1989.
 
 Theodora W. Weston, St. Louis, Mo., for appellants.
 Margaret M. Mooney, St. Louis, Mo., and Robert Presson, Jefferson City, Mo., for appellees.
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Patrick and Alice Dickens appeal the district court's[1] dismissal of their claim for violation of civil rights under 42 U.S.C. Sec. 1983 against the State of Missouri, the Missouri State Board of Education, the St. Louis Board of Education and various officials and employees of these entities (appellees). Upon review, we affirm.
 
 
 2
 The Dickenses brought this suit seeking damages and prospective relief after their ten year old son John fell to his death on November 20, 1987, from a stairway at a magnet school operated by the St. Louis School System. The Dickenses contended that the appellees violated their son's equal protection rights by unequally distributing economic benefits to school districts containing black and low-income children, thereby creating the unsafe condition that allegedly caused John's death. The district court denied prospective relief because the Dickenses suffered no continuing injury. Because of insufficient service of process and the bar of the eleventh amendment, the court also denied monetary relief against the state and its officers. Moreover, the court held that overall the complaint merely presented a claim for wrongful death, cognizable under state law but not under section 1983.
 
 
 3
 Section 1983 provides a remedy to any citizen deprived of a right secured by federal law by a person acting under color of state law. See, e.g., Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, to state a claim under section 1983, a plaintiff must allege deprivation of a right secured by federal law. While the Dickenses contend that the appellees' actions violated the equal protection clause, their complaint did not allege purposeful discrimination, an essential element of an equal protection claim. Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Williams v. Anderson, 562 F.2d 1081 (8th Cir.1977). The Dickenses therefore have not alleged deprivation of a federally secured right and cannot recover under section 1983. Because this flaw disposes of the entire case, we do not consider any of the other grounds that the district court relied upon.
 
 
 4
 If the Dickenses have a claim for the wrongful death of their son, it arises under state law. Mo.Ann.Stat. Sec. 537.080 (Vernon 1988). Accordingly, we affirm the district court's dismissal.[2]
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 This court scheduled this case for oral argument on September 12, 1989. Counsel of record for appellants Patrick H. and Alice R. Dickens, Ms. Theodora White Weston of St. Louis, did not appear when the case was called for argument. With permission of the court, appellant Patrick Dickens briefly spoke. In the absence of appellants' counsel, the court took the case under advisement on the briefs, without oral argument and carefully reviewed the briefs and record in reaching its decision
 Ms. Weston has not responded to an inquiry from the clerk's office of this court seeking Ms. Weston's explanation for her absence. Counsel who fails to appear for oral argument and is not excused therefrom is violating an important duty to the client and an important obligation to the court.
 We rebuke Ms. Weston for her failure to appear for oral argument. She may be subject to further disciplinary action for her dereliction of duty to this court.