Jacqueline Ann GOMEZ, by her next friend, Virginia HERNANDEZ; Melissa Erin Simmons, by her next friend, Dori Sauceda; and Chrystina Smith and Zachary Smith, by their next friend, Sharon Smith, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Harry G. COMERFORD, Chief Judge of the Circuit Court of Cook County, Illinois, Defendant.

No. 93 C 3268.

United States District Court, N.D. Illinois, E.D.

Sept. 22, 1993.

Bridget Arimond, Women's Law Project, Richard Jay Hess, Margaret Stapleton, Monica Foucher, Family Law Project and Denice Wolf Markham, Family Law Project, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiffs.

Roland W. Burris, Atty. Gen. of Illinois and Mitchell B. Katten, Asst. Atty. Gen., Gen. Law Div., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Jacqueline Ann Gomez, by her next friend, Virginia Hernandez; Melissa Erin Simmons, by her next friend, Dori Sauceda; and Chrystina Smith and Zachary Smith, by their next friend, Sharon Smith, individually and behalf of all others similarly situated (collectively "plaintiffs"), sue Harry G. Comerford, Chief Judge of the Circuit Court of Cook County, Illinois, in his official capacity under 42 U.S.C. § 1983. Plaintiffs allege that Judge Comerford has violated their rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution by adopting and enforcing two separate and unequal systems for adjudicating child support, custody and visitation disputes in the Circuit Court of Cook County. Plaintiffs seek declaratory and injunctive relief. Judge Comerford moves to dismiss plaintiffs' amended complaint under Fed. R.Civ.P. 12(b)(6), while plaintiffs move for class certification under Fed.R.Civ.P. 23.

### BACKGROUND

Judge Comerford is responsible for the organization of the Cook County Circuit Court into two departments: the county department and the municipal department. Amended Complaint ¶ 12. One of the divisions of the county department, the domestic relations division, hears family law matters including cases involving support, custody, and visitation of children of married or formerly married parents ("children of married parents"). *Id.* at ¶¶ 13–14. In contrast, cases concerning paternity, support, custody and visitation of children whose parents have never been married to each other ("children of unmarried parents") cannot be brought in the domestic relations division. Instead, under the Parentage Act of 1984, as amended, Ill.Rev.Stat. ch. 40, ¶ 2501 *et seq.*, cases involving children of unmarried parents must be heard in the municipal department rather than the county department. *Id.* at ¶ 15. Plaintiffs allege that Judge Comerford enforces this dual system under the General Orders of the Cook County Circuit Court and the circuit court rules. *Id.* at 1.

Plaintiffs allege that Judge Comerford maintains an overtly discriminatory system that treats children of unmarried parents in a different and unequal manner. The domestic relations division cases and any enforcement or modification actions affecting children of married parents are heard in the Daley Center. *Id.* at ¶¶ 14, 17. In contrast, cases brought in Cook County under the Parentage Act are heard in Parentage Court courtrooms located in or adjacent to Chicago police stations; post-judgment motions for enforcement or modification are heard either in the original Parentage Court courtroom or at 32 West Randolph in Chicago. *Id.* at ¶¶ 16, 18. Plaintiffs explain that the children of married parents enjoy numerous advantages over the children of unmarried parents because of the difference in facilities. *See id.* at ¶ 19. Plaintiffs allege that this overt discrimination fosters and reinforces the stigma of illegitimacy and violates the equal protection clause of the Fourteenth Amendment.

### DISCUSSION

#### 1. The Motion To Dismiss

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chicago Housing Authority,* 892 F.2d 583, 586 (7th Cir.1989), *cert. denied,* 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). When considering a motion to dismiss, this court must accept all well-pleaded facts as true, draw all inferences in favor of the plaintiffs, and view plaintiffs' allegations in the light most favorable to them. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.1993). This court will grant a motion to dismiss only if it appears beyond doubt that plaintiffs can prove no set of facts entitling them to relief. *Venture Assocs. Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 432 (7th Cir.1993); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The amended complaint may be dismissed only if plaintiffs plead themselves out of court by alleging facts that show they are not entitled to judgment. *Early v.*

*Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992).

██ The motion to dismiss is based on equal protection jurisprudence. Judge Comerford's motion is grounded on the fact that plaintiffs do not allege that he acted with the intent to discriminate against children of unmarried parents. Judge Comerford's argument has two steps: First, he asserts that intent is a necessary element of plaintiffs' equal protection claim. Second, he contends that the exception to the intent requirement is inapplicable here because the alleged overtly discriminatory classification does not involve a suspect class.

Judge Comerford's argument that discriminatory intent is a necessary element of plaintiff's claim is based on his view that the rules classifying children according to the marital status of their parents are facially neutral. He relies chiefly on the equal protection doctrine of *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), and its progeny. *Davis* upheld the validity of a written test that was part of the application to the District of Columbia police department even though white applicants passed the test more often than black applicants. *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), upheld a municipal zoning decision to deny a petition to rezone an area from single-family to multi-family use even though single-family zoning tended to perpetuate racially segregated housing patterns. These were facially neutral state policies that were challenged as racially discriminatory and upheld as valid absent proof of discriminatory intent. Similarly, *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979), involved a facially neutral statute: a veterans' preference in civil service positions. In *Fenney,* the Supreme Court extended *Davis* to cover gender discrimination cases, holding that the statute was constitutional even though it worked to exclude many women from government jobs. Since illegitimacy, like gender, is analyzed using an intermediate level of scrutiny, *see, e.g., Clark v. Jeter,* 486 U.S. 456, 461, 108 S.Ct. 1910, 1914, 100 L.Ed.2d 465 (1988) (ci-

tations omitted), Judge Comerford argues that the framework set out in *Feeney,* with an intent requirement, applies to this case. According to this analysis, plaintiffs' failure to allege discriminatory intent is fatal to plaintiffs' claims.

The *Feeney* analysis does not apply because this case does not involve a facially neutral statute or policy. General Order 1.2 of the Cook County Circuit Court provides:

[T]he Domestic Relations Division hears actions or proceedings concerning dissolution of marriage, legal separation, declaration of invalidity of marriage, custody, actions brought to modify or enforce provisions of order or decrees requiring the payment of maintenance or support, actions commenced under the Uniform Reciprocal Enforcement of Support Act and actions to enforce orders requiring payments from persons legally responsible for the support of persons who are recipients under the Illinois Public Aid Code.

Rule 13.1 of the Circuit Court of Cook County provides, in pertinent part:

Domestic Relations Cases are proceedings for an order of judgment relating to dissolution of marriage, legal separation, declaration of invalidity of marriage, custody, visitation and all other matters which may be brought under General Order 1.2–1(Ill) of the Circuit Court of Cook County, Illinois.

General Order 2.2(b)(i) provides:

The Municipal Department hears civil actions and proceedings at law for money not in excess of $5,000, actions of replevin for property of value not in excess of $15,000, actions of forcible entry and detainer unless joined with a claim for money in excess of $15,000 and proceedings ancillary and supplemental thereto, including attachment, garnishment, distress and citation. The Municipal Department also hears actions arising under the Parentage Act of 1984, as amended.

The argument that these provisions are facially neutral is semantic. These court rules do not baldly state that all cases involving children of married parents are heard in one place and all cases involving children of un-

married parents are heard in another. However, read in conjunction with each other, these rules establish different systems for children of married and unmarried parents. General Order 2.2(b)(i) makes clear that the municipal department hears cases arising under the Paternity Act. This is not a situation of disparate impact where a rule affects one group more harshly than another; *all* children of unmarried parents are dealt with differently. The General Orders act as a fork in the road, sending children of married parents in one direction and children of unmarried parents in another. This is a classification system. It is clear and overt.

█ The amended complaint is sufficient even though discriminatory intent is not alleged because discriminatory intent is not required in a challenge to overt discrimination. As the Supreme Court stated in *Wayte v. United States,* 470 U.S. 598, 608 n. 10, 105 S.Ct. 1524, 1531 n. 10, 84 L.Ed.2d 547 (1985), "[a] showing of discriminatory intent is not necessary when the equal protection claim is based on an overtly discriminatory classification." Since plaintiffs are challenging a system in which the marital status of a child's parents determines how his or her case will be handled, proof of discriminatory intent is unnecessary.

█ Second, Judge Comerford argues that the exception to pleading intent only applies to suspect classifications. Because illegitimacy is not a suspect classification, intent is required. He notes that the two cases cited by plaintiffs, *Wayte* and *Asian American Business Group v. City of Pomona,* 716 F.Supp. 1328, 1332 (C.D.Cal.1989), both involve suspect classifications. He concludes that cases not involving suspect classifications must allege discriminatory intent. He provides no support for this proposition. In fact, the Supreme Court has not required a showing of discriminatory intent in equal protection cases involving illegitimate children. *See, e.g., Clark v. Jeter,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988); *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982); *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); *Weber v. Aetna Casu-*

*alty & Surety Co.,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). These cases involved clear classifications of children as legitimate and illegitimate. The Supreme Court inquired only as to whether the classification was substantially related to an important government interest. The logical conclusion is that discriminatory intent is not required when a statute overtly discriminates between legitimate and illegitimate children.

Because the amended complaint states a cause of action upon which relief could be granted, the motion to dismiss under Fed. R.Civ.P. 12(b)(6) is denied.

**2. Plaintiffs' Motion For Class Certification**

A suit may be maintained as a class action only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; (5) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Fed.R.Civ.P. 23(a) and (b)(2).

█ Plaintiffs are entitled to certification because they have made the required showing on each of these elements. First, plaintiffs have shown that joinder is impracticable. The class would cover children whose support, custody and visitation issues are being or will be litigated under the Parentage Act and those whose support, custody and visitation issues were decided before June 2, 1993, but may move back into the class should their parents seek modification or enforcement. The class consists of tens of thousands of children, although the exact number is impossible to pinpoint. The exact number or identity of class members need not be pleaded. *Patrykus v. Gomilla,* 121 F.R.D. 357, 360 (N.D.Ill.1988), citing 1 H. Newberg, *Newberg on Class Actions* ¶ 3.05 (2d ed. 1985). A finding of numerosity is valid so long as it is supported by common

sense assumptions. *Grossman v. Waste Management, Inc.,* 100 F.R.D. 781, 785 (N.D.Ill.1984).

■ Second, plaintiffs have shown that there is a question of law common to all class members: whether Judge Comerford violated the equal protection clause of the Fourteenth Amendment by creating and enforcing two different systems for adjudicating claims related to the support, custody and visitation of children. Judge Comerford argues that not all members of the class have difficulty obtaining attorneys and that not all members of the class would prefer to have their cases heard in the Daley Center. Plaintiffs do not assert that every class member shares every concern listed in paragraph 19 of their amended complaint. Some factual variation among the class grievances does not defeat the class. *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir.1992) (citations omitted). Judge Comerford's objections to the commonality of facts do not defeat the class. In any event, the undeniably common question of law predominates.

■ Third, plaintiffs have shown that their claims are representative of the class' claims because their claims arise from the same event or course of conduct giving rise to the claims of the other class members and are based on the same legal theory. *See, e.g., Rosario,* 963 F.2d at 1018 (citations omitted); *In re VMS Securities Litigation,* 136 F.R.D. 466, 475 (N.D.Ill.1991).

■ Fourth, plaintiffs have shown they will fairly and adequately represent the class. A named plaintiff fairly and adequately represents the class when her attorney is qualified and when the plaintiff has no interest antagonistic to those of the class. *See, e.g., Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir.1986); *In re VMS Securities Litigation,* 136 F.R.D. at 478–79. Plaintiffs are represented by attorneys from the Legal Assistance Foundation of Chicago ("LAF"). LAF attorneys have handled hundreds of family law cases and have extensive experience with class actions. Plaintiffs' Mot. at 12. Plaintiffs have no antagonistic interests because their interests are absolutely identical to the interests of the other class members and they seek the same relief: "access to a scheme of justice in which all custody, visitation, and support cases are assigned to courtrooms and provided services without regard to the minor child's birth status." *Id.*

Judge Comerford counters that plaintiffs are not adequate class representatives because plaintiffs have failed to establish that the class representatives have adequate knowledge of the suit to represent the other members of the class. This court seriously doubts whether plaintiffs, who are all under the age of ten, have a full and sophisticated understanding of the facts and law involved in their case. However, Judge Comerford does not question whether plaintiffs' *counsel* will adequately protect the interests of the class. This court is satisfied that counsel will do so. Courts recognize that plaintiffs need not always have a detailed understanding of their complaint and may rely on their lawyers' knowledge and expertise in litigating their claims. *In re VMS Securities Litigation,* 136 F.R.D. at 478 (citations omitted).

Finally, plaintiffs have shown that Judge Comerford has acted on grounds generally applicable to the class as a whole because Judge Comerford is responsible for enforcing the separate adjudication systems for children of married parents and children of unmarried parents.

Plaintiffs' motion for class certification is granted. The court certifies the following class under Fed.R.Civ.P. 23(c)(1): All children under 18 years of age:

(1) whose parents have never been married to each other, and

(2) as to whom issues involving support paid on their behalf, custody, and visits with them by their non-custodial parents are being litigated in the Parentage Court courtrooms of the First District of the municipal department of the Cook County Circuit Court or in the Support Enforcement courtrooms of the domestic relations division of the county depart-

ment of the Cook County Circuit Court on or after June 2, 1993.

### CONCLUSION

The motion to dismiss is denied. Judge Comerford is directed to answer the amended complaint by October 6, 1993. Plaintiffs' motion for class certification is granted.