Strafford
No. 92-671

DANIEL S. PUTNAM

v.

UNIVERSITY OF NEW HAMPSHIRE

February 4, 1994

*Sakellarios & Associates,* of Manchester (*Jean-Claude Sakellarios* on the brief and orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Joseph M. McDonough, III* and *Ronald D. Ciotti* on the brief, and *Mr. Ciotti* orally), for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J.  The plaintiff, Daniel S. Putnam, appeals the decision of the Superior Court (*Gray,* J.) dismissing his amended complaint under 42 U.S.C. § 1983 (1986) because it did not allege that the defendant, the University of New Hampshire, acted with a discriminatory purpose or intent. We affirm.

The gravamen of the plaintiff's amended complaint is that the university's policy regarding eligibility for in-state tuition discriminates against out-of-state students who later seek to change their residency status. The university moved to dismiss the civil rights claim for failure to state a claim upon which relief could be granted. The trial court granted the motion, ruling that the plaintiff failed to allege either intentional discrimination or a discriminatory purpose. This appeal followed.

■ The standard of review in considering a motion to dismiss is "whether the allegations [in the plaintiff's pleadings] are reasonably susceptible of a construction that would permit recovery." *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985) (quotation omitted). We assume the truth of the plaintiff's pleadings and construe all reasonable inferences therefrom in a light most favorable to the plaintiff. *Id.* We need not, however, accept statements in the complaint that are merely conclusions of law. *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 45, 534 A.2d 706, 708 (1987).

The plaintiff argues that he was not required to allege intentional or purposeful discrimination in his section 1983 action and, even if he were, his amended complaint should be read to imply such a claim. We disagree.

■■ While the plaintiff contends that the university's actions violated the equal protection clauses of both the State and Federal Constitutions, a section 1983 action is available only for the violation of a federal constitutional or statutory right. *See, e.g., Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989); *Watterson v. Page*, 987 F.2d 1, 7 (1st Cir. 1993). His federal constitutional claim fails as well because his complaint does not allege intentional or purposeful discrimination, "an essential element of an equal protection claim," *Dickens v. State of Mo., by Ashcroft*, 887 F.2d 895, 896 (8th Cir. 1989), where the statute or policy is facially neutral. *But see Gomez by Hernandez v. Comerford*, 833 F. Supp. 702, 706 (N.D. Ill. 1993) (holding discriminatory intent not required in challenge to overt discrimination). He does not allege that the university engaged in discriminatory conduct "in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *see also Coyne v. City of Somerville*, 972 F.2d 440, 444–45 (1st Cir. 1992).

Nor can even an expansive reading of the plaintiff's amended complaint support his argument that intentional or purposeful discrimination is implied. The plaintiff's bald assertion that "[the university] is discriminating against certain State residents for tuition purposes" falls far short.

The plaintiff has not properly alleged deprivation of a federally secured right and, therefore, cannot recover under section 1983. Accordingly, we affirm the trial court's dismissal.

*Affirmed.*

All concurred.