Rockingham
No. 95-736

TAMMY HUGUELET

v.

ALLSTATE INSURANCE COMPANY

April 24, 1997

*McCaffrey Professional Association*, of Exeter, and *Joshua L. Gordon*, of Concord (*Brian F. McCaffrey* on the brief, and *Mr. Gordon* orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*William S. Orcutt* and *Mark E. Swirbalus* on the brief, and *Mr. Swirbalus* orally), for the defendant.

BRODERICK, J. The plaintiff, Tammy Huguelet, appeals the Superior Court's (*Gray*, J.) order granting defendant Allstate

Insurance Company's motion to dismiss. She argues that the court erred in ruling that her acceptance of a settlement check released the defendant from any and all claims against it. We vacate and remand.

On July 9, 1990, the plaintiff, a passenger in her own car, was injured in an automobile accident. The next day, she reported the accident to her insurer, the defendant. On July 16, 1990, Susan Niedzwiecki, the defendant's representative, telephoned the plaintiff to discuss the accident. The plaintiff informed Niedzwiecki that she had suffered an injury to her head and had a black eye. After their discussion, Niedzwiecki offered the plaintiff $525 to settle the claim. Niedzwiecki told the plaintiff she was under no obligation to settle, but that the settlement amount included $125 in lost wages and $400 for pain and suffering.

The defendant mailed the plaintiff a settlement check for $525. On its face, the check stated: "FINAL SETTLEMENT OF ANY AND ALL CLAIMS ARISING FROM BODILY INJURY CAUSED BY ACCIDENT ON 07/09/90." On July 20, after a conversation with the plaintiff's father, Niedzwiecki sent the plaintiff a letter explaining the plaintiff's medical benefits coverage and the nature of the proposed settlement. Niedzwiecki wrote: "[B]ecause you were a passenger and the accident was not your fault, you have a liability claim. The liability claim will compensate you for your days lost from work and the inconvenience of the accident." The plaintiff cashed the settlement check on July 24, 1990.

The plaintiff later began to suffer from a herniated disc, a condition she believed resulted from the July 9 accident. The defendant refused to cover this injury on the grounds that there had been a "final settlement" and release of further liability when the plaintiff cashed the check issued by the defendant. In April 1993, the plaintiff filed an action alleging the defendant intentionally misled and induced her to settle her personal injury claim "for an amount substantially less than her compensable losses."

In June 1993, the defendant moved to dismiss, arguing that the plaintiff's writ failed to state a cause of action and that any action was barred "because [the plaintiff] executed a release exonerating the defendant[] from liability." The Superior Court (*Brennan*, J.) denied the motion, concluding that "[t]he plaintiff ha[d] stated a cause of action and raised issues concerning the effectiveness of the release or settlement." Following a pretrial chambers conference, the plaintiff amended her writ of summons to request rescission of the settlement agreement based upon mutual mistake, and the defendant renewed its motion to dismiss. The Superior Court (*Gray*,

J.) granted the defendant's renewed motion on the ground that the settlement "was, in fact, agreed to and paid by the defendant and received by the plaintiff to avoid further controversy" and "was not intended as compensation for [p]laintiff's minor injury to her forehead." This appeal followed.

"The standard of review in considering a motion to dismiss is whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery." *Putnam v. University of New Hampshire*, 138 N.H. 238, 239, 637 A.2d 156, 156 (1994) (quotation and brackets omitted). We assume the plaintiff's pleadings to be true and construe all reasonable inferences drawn therefrom most favorably to the plaintiff. *Id.*

The plaintiff argues that the trial court erred in concluding that the purpose of the settlement was to buy peace and, therefore, that her claims against the defendant should be dismissed. "[P]urchase of peace in the sense of its distinction from payment of damages means a settlement whether or not the parties are mistaken as to liability and as to the nature and extent of the injury." *Poti v. Company*, 83 N.H. 232, 233-34, 140 A. 587, 588 (1928). If the purpose of the release was to buy peace from future controversy, any mistake as to the extent of the injury would be immaterial. *See McIsaac v. McMurray*, 77 N.H. 466, 473, 93 A. 115, 119 (1915); *see also Cogswell v. Railroad*, 78 N.H. 379, 382-83, 101 A. 145, 147 (1917).

█ In determining whether the purpose of the settlement was to avoid future controversy, we focus on the intent of the contracting parties at the time of the agreement. *See Cogswell*, 78 N.H. at 383, 101 A. at 147; *McIsaac*, 77 N.H. at 473, 93 A. at 119; *see also R. Zoppo Co. v. City of Dover*, 124 N.H. 666, 671, 475 A.2d 12, 15 (1984). "The meaning of a contract is ultimately a matter of law for this court to decide." *Centronics Data Computer Corp. v. Salzman*, 129 N.H. 692, 696, 531 A.2d 348, 350 (1987). "[I]n ascertaining the intent of the parties, we will consider the situation of the parties at the time of their agreement and the object that was intended thereby, together with all the provisions of their agreement taken as a whole." *Id.* (quotation and brackets omitted).

Here, construing all reasonable inferences most favorably to the plaintiff, we find the situation of the parties and the defendant's oral and written explanations of the settlement amount indicate that its object was to compensate for injuries rather than to purchase peace, notwithstanding the language on the check. Niedzwicki told the plaintiff that the dollar amount — $400 for pain and suffering, and $125 for lost wages — was intended as compensation; in her July 20 letter to the plaintiff, she reiterated that the plaintiff would be

compensated for "days lost from work and the inconvenience of the accident." At the time of the agreement, neither the defendant nor the plaintiff proffered any other accounting for the settlement amount. Given, then, that the parties apparently understood a signal term of the agreement — the dollar figure — to refer only to compensation for injuries and lost wages, they cannot be "regarded as having contracted with reference to future possibilities." *Rickle v. Mills*, 93 N.H. 191, 193, 38 A.2d 78, 79 (1944) (quotation omitted); *see Poti*, 83 N.H. at 234, 140 A. at 589. The trial court erred in concluding otherwise.

The trial court declined to consider the defendant's initial argument for dismissal — that the plaintiff's amended writ fails to state a cause of action. We accordingly remand for the trial court's consideration of this argument in the first instance.

*Vacated and remanded.*

All concurred.