Merrimack
No. 2006-763

MARK POLAND & a.

v.

PAUL J. TWOMEY & a.

Submitted: September 19, 2007
Opinion Issued: November 8, 2007

Mark Poland and Georgette Poland, *pro se*, filed no brief.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Donald L. Smith* on the brief), for the defendants.

*Charles E. Dibble*, of Contoocook, by memorandum of law, as intervenor.

HICKS, J. The defendants, Attorney Paul J. Twomey and Twomey & Sisti, appeal the decision of the Superior Court (*McHugh*, J.) finding an enforceable settlement agreement, notwithstanding the refusal of the plaintiffs, Mark and Georgette Poland, to execute a release. We affirm.

The record supports the following. On May 30, 1994, the Polands were involved in a motor vehicle accident. They retained Twomey to pursue a claim for negligence arising out of the accident. Twomey settled Mrs. Poland's case before trial. In June 1997, the jury returned a defendant's verdict in Mr. Poland's case.

Dissatisfied, the Polands retained Charles Dibble in a malpractice suit against Twomey and his law firm, Twomey & Sisti. The Polands alleged that Twomey negligently represented them and that he pressured Mrs. Poland into settling her case. The Polands alleged damages including loss of consortium.

In March 2003, Dibble and the defendants' counsel, Andrew Dunn, entered into settlement negotiations. On March 28, Dunn e-mailed Dibble that he was authorized to make a final settlement offer of $125,000 and would keep the offer open until April 1.

On Sunday, March 30, Dibble sent an e-mail to Dunn, which states, in relevant part, as follows:

> The Polands will settle for $125,000 . . . . [I]ncluded is a waiver of any further action by any of the parties for any cause arising out of the underlying matter, or the present litigation. No costs, interest or attorney's fees to any of the parties.
>
> *Please send the release you want signed.*

*... I agree that none of the funds will be distributed until* the check has cleared, the docket markings have been filed and *the executed release has been returned to you.*

(Emphasis added.) Following this e-mail, Dunn promptly sent Dibble the release the defendants wanted signed by the Polands. Upon receiving the release, the Polands claimed that when Mr. Poland authorized Dibble to settle his case for $125,000, the authorization did not include Mrs. Poland's claim. Accordingly, Mr. Poland agreed to sign the release for his receipt of the $125,000, but Mrs. Poland refused to sign unless she received additional consideration.

Since then, the parties have litigated the validity of the settlement at length in this court and in the trial court. The instant appeal arises from proceedings in the trial court in 2006. Following an August 2006 hearing, the trial court found that although the plaintiffs did not execute the release, they nevertheless authorized Dibble to settle their claims with the defendants for $125,000, and that the resulting settlement agreement was enforceable. The court ordered specific performance. This appeal followed.

On appeal, the defendants contend that the trial court erred by finding that the settlement agreement was enforceable and by ordering the equitable remedy of specific performance.

We review the trial court's ruling that a settlement existed as a mixed question of law and fact. *Cf. Cadle Co. v. Bourgeois*, 149 N.H. 410, 415 (2003). Mixed questions of law and fact concern the application of a rule of law to the facts and the consequent determination of whether the rule is satisfied. *See id.* We will not overturn the trial court's ruling on a mixed question unless it is clearly erroneous. *Id.* If, however, the court misapplies the law to its factual findings, we review the matter independently under a plain error standard. *Id.*

 Settlement agreements are contractual in nature and, therefore, are generally governed by principles of contract law. *Cf. Provencal v. Vermont Mut. Ins. Co.*, 132 N.H. 742, 745 (1990). A valid enforceable settlement requires offer, acceptance, consideration and a meeting of the minds. *See Durgin v. Pillsbury Lake Water Dist.*, 153 N.H. 818, 821 (2006). A meeting of the minds occurs when there is mutual assent to the essential terms of the contract; that is, the parties have the same understanding of the essential terms of the contract and manifest an intention to be bound by the contract. *Id.* "In ascertaining the intent of the parties, we will consider the situation of the parties at the time of their agreement and the object that was intended thereby, together with all the provisions of their agreement taken as a whole." *Huguelet v. Allstate Ins. Co.*, 141 N.H. 777, 779 (1997) (citation omitted). Generally, parties are free to settle a case on

any terms they desire and that are allowed by law. 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 34.01, at 100 (1998).

In this case, the correspondence between Dibble and Dunn in late March 2003 accurately framed the essential terms of the settlement agreement. Dibble's acceptance of the settlement offer on behalf of the Polands, by its own terms, substantiates that he was aware that settlement funds would only be distributed after the defendants were provided with an executed release. Dibble argues that his e-mail reference to an executed release does not rise to the level of a contractual term but is simply a method of concluding the settlement process. Additionally, Dibble urges that an executed release is not the only means by which to terminate litigation and, therefore, a release is not necessary. In response, the defendants urge that an executed release is an implied condition of all settlement agreements and without an executed release, they remain subject to liability.

While it may be that executed releases are not essential in every settlement, *cf. Gannett v. Merchants Mut. Ins. Co.*, 131 N.H. 266, 270 (1988), here, an executed release was an essential term of the agreement because it was the primary consideration agreed upon for settlement. Although an executed release was a term of the agreement, the defendants can derive the functional equivalent of an executed release through a court order. *Cf.* 46 AM. JUR. 2D *Judgments* § 174 (2000). *See generally* 15A AM. JUR. 2D *Compromise and Settlement* § 49 (2000).

"A breach of contract occurs when there is a failure without legal excuse, to perform any promise which forms the whole or part of a contract." *West Gate Village Assoc. v. Dubois*, 145 N.H. 293, 298 (2000) (quotation omitted). Here, the Polands failed to perform by refusing to sign the release provided by the defendants. We affirm the well supported ruling of the trial court that there was a valid agreement formed on March 30. Without question, the Polands are in breach of this agreement. There remains the question of remedy. More to the point, the question is whether equitable relief in the form of specific performance requested by neither the Polands or the defendants but only Dibble, should lie.

The suitability of affording equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case. *Gutbier v. Hannaford Bros. Co.*, 150 N.H. 540, 541 (2004). We will uphold the trial court's equitable order unless its decision constitutes an unsustainable exercise of discretion. *Id.* at 541-42. In order to show that the trial court's decision is not sustainable, the defendants must demonstrate that the court's ruling was unreasonable to the

prejudice of their case. *See id.*; *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

New Hampshire jurisprudence strongly favors enforcement of settlement agreements made by authorized attorneys acting on behalf of their clients. *Halstead v. McMurray*, 130 N.H. 560, 564-65 (1988); *Waters v. Hedberg*, 126 N.H. 546, 552 (1985). The trial court found that the Polands authorized Dibble to enter into a settlement agreement with the defendants. Dibble has standing to seek enforcement of the agreement. *Mark Poland & a. v. Paul J. Twomey & a.*, No. 2004-0054 (March 15, 2005); *see* RSA 311:13 (2005).

Generally, a decree of specific performance is intended to produce essentially the same effect as if the performance due under a contract were rendered. RESTATEMENT (SECOND) OF CONTRACTS § 357 comment a at 163 (1981). Such relief is granted when there has been a breach of contract, either by nonperformance or repudiation. *Id.* Here, the trial court's equitable decree provides the parties with exactly what they bargained for under the settlement agreement. The Polands will receive the authorized settlement amount and the trial court's order plainly bars and releases all of the Polands' claims arising out of the malpractice action just as effectively as would an executed release. The Polands have no surviving claims against the defendants. We uphold the trial court's ruling that the settlement agreement is enforceable and find no error.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.