# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0394, <u>Edward C. Furlong, III v. Randall Cooper, Esq. & a.</u>, the court on January 25, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The defendants, Randall Cooper, Esq. and Cooper Cargill Chant, P.A., appeal an order of the Superior Court (<u>Tucker</u>, J.) denying their motion to enforce a settlement agreement with the plaintiff, Edward C. Furlong, III. They contend that the trial court erred by finding that they and the plaintiff had not reached an agreement to settle both the plaintiff's claim against them in <u>Edward C. Furlong, III v. Randall Cooper, Esq. & a.</u>, case no. 2014-0113 (malpractice case), which is currently pending before us, and any potential claims the plaintiff might have against them arising out of an action by the Town of Bartlett against the plaintiff (Town of Bartlett case). See <u>Town of Bartlett v. Furlong</u>, 168 N.H. ___, 124 A.3d 221 (2015). The trial court ruled that the plaintiff offered to settle only the malpractice case.

We review the trial court's ruling regarding the existence of a settlement as a mixed question of law and fact. <u>Poland v. Twomey</u>, 156 N.H. 412, 414 (2007). Mixed questions of law and fact concern the application of a rule of law to the facts and the consequent determination of whether the rule is satisfied. <u>Id</u>. We will not overturn the trial court's ruling on a mixed question unless it is clearly erroneous. <u>Id</u>. If, however, the court misapplies the law to its factual findings, "we review the matter independently under a plain error standard." <u>Id</u>.

In this case, the parties do not dispute the sequence of events or the authenticity of the e-mails between them. The only sworn testimony was from the defendants' attorney, Christopher Hawkins, who negotiated with the plaintiff. Because the trial court's finding that the parties had not reached a settlement agreement was based upon those e-mails, the existence of an agreement presents a question of law that we review <u>de novo</u>. See <u>Mahindra & Mahindra v. Holloway Motor Cars of Manchester</u>, 166 N.H. 740, 748 (2014) (stating existence of waiver based solely upon a letter is question of law and reviewed <u>de novo</u>).

A valid and enforceable settlement, like any contract, requires offer, acceptance, consideration, and mutual assent. Hogan Family Enters. v. Town of Rye, 157 N.H. 453, 456 (2008). Mutual assent requires that the parties have the same understanding of the agreement's essential terms and manifest an intent to be bound by them. Id. In reviewing a settlement agreement, we are mindful of the strong public policy favoring the settlement of civil matters. Id. Generally, parties are free to settle a case on any terms that they desire and that are allowed by law. Poland, 156 N.H. at 414-15.

In this case, the trial court found that "[a]ttorneys negotiating the type of settlement at issue here might have understood the agreement" included both the plaintiff's claims in the malpractice case and any claims he might have arising out of the Town of Bartlett case, but concluded that the plaintiff "was self-represented and he did not agree to those terms." We disagree.

After obtaining a judgment in the malpractice case, which the defendants appealed, the plaintiff called Hawkins to discuss settlement. Immediately following that conversation, Hawkins e-mailed the plaintiff to confirm his understanding of the plaintiff's settlement offer. The subject line of that e-mail was "Furlong v. Cooper and Town of Bartlett v. Furlong." (Emphasis added.) The body of the e-mail stated, "We discussed that . . . you would release all claims against [the defendants] in the malpractice case currently pending in the Supreme Court, and in relation to your dispute with [t]he [T]own of Bartlett." (Emphasis added.) The e-mail closed with the request "[i]f anything I've stated here is inaccurate, please let me know as soon as possible." The plaintiff did not respond, thereby implicitly confirming that the e-mail stated his settlement offer correctly.

Five days later, on March 5, Hawkins sent the plaintiff an e-mail accepting his settlement offer. The subject line of this e-mail was "Furlong v. Cooper and Town of Bartlett v. Furlong." (Emphasis added.) The first sentence of the e-mail stated, "This will confirm that [the defendants] accept your offer to settle the current appeal, and all claims against [them] arising from the Town of Bartlett dispute." (Emphasis added.) It closed with "[p]lease let me know if you have any questions."

The plaintiff did not raise any concern about the scope of the settlement. Instead, he requested Hawkins's assistance regarding another issue, which was resolved by the end of the day. At that time, Hawkins sent the plaintiff another e-mail confirming that "we have reached an agreement to release all claims against [the defendants] in both the malpractice and the Town of Bartlett cases," (emphasis added) and closing with the statement, "If my understanding is inaccurate, please let me know by noon tomorrow." Again, the plaintiff did not raise any concern regarding the settlement.

The following day, Hawkins sent the plaintiff a draft settlement agreement. The cover e-mail stated, "This document describes our agreement as documented in the e-mails between us. . . . Please look it over carefully and let me know if you have any questions or concerns." Three days later, the plaintiff e-mailed Hawkins that he was seeking counsel to review the draft settlement agreement. Eight days after that, the plaintiff e-mailed Hawkins that he had not obtained counsel and that he had "a small concern" that the settlement agreement covered both the malpractice case and the Town of Bartlett case and that, because the Town of Bartlett case was still pending in the superior court, he saw "no reason why that should be included."

The next day, the plaintiff e-mailed Hawkins stating that he had "re-considered" the settlement agreement and "would consider signing it," as written, for twice the consideration that the parties had agreed upon. The plaintiff did not state that Hawkins had misunderstood the scope of the settlement; he merely attempted to increase his compensation.

Upon the face of this record, we conclude that, as a matter of law, the parties here entered into an enforceable settlement agreement as of the defendants' acceptance of the plaintiff's offer on March 5, which covered both the malpractice case and any claims arising from the Town of Bartlett case. We conclude that the e-mails, which the plaintiff did not challenge before the trial court, do not support the trial court's conclusion that the plaintiff intended to settle only the malpractice case.

Once the defendants accepted the plaintiff's offer, the plaintiff was no longer free to "re-consider" the settlement or to demand additional compensation. See Hogan Family, 157 N.H. at 457-58 (stating enforceable settlement agreement when record reflects essential terms of settlement and parties' assent to such terms). The plaintiff's subsequent e-mail, raising "a small concern" regarding the scope of the settlement, was ineffective to alter its terms. Although the plaintiff represented himself throughout the negotiation, he is bound by the same rules as a party with counsel. Cf. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (stating self-represented parties bound by same procedural rules governing parties represented by counsel).

Reversed and remanded.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**

3