# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0012, <u>In re Estate of Phyllis W. Holton</u>, the court on August 9, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Respondent Roy Holton appeals the order of the Circuit Court (<u>LeFrancois</u>, J.) approving the final distribution of assets from the Estate of Phyllis W. Holton. He argues that the trial court erred in concluding that his brothers, Kenneth Holton and Bruce Holton, under the terms of a settlement agreement, could agree between themselves how to distribute certain property from their mother's estate, and that the distribution of the items should have been determined by competitive bidding.

The record shows that the testator's three sons, Roy, Kenneth, and Bruce, entered into a mediated settlement agreement, with counsel, to resolve their disputes over the distribution of assets from the estate. The parties agreed that Kenneth would be appointed executor. Paragraph 9(A) of the parties' agreement provides: "The Executor shall make arrangements to have the Model A vehicle & the Schwinn Wizzer Moped appraised by an independent appraiser." The executor arranged for the appraisals, and the appraised value of the vehicle was determined to be $4,000; the appraised value of the moped was determined to be $750. Paragraph 9(A) further provides: "If more than one son wishes to purchase said asset, the parties shall arrange to draw straws for the right to purchase said asset from the Estate."

At least two of the brothers, Kenneth and Roy, wished to purchase the vehicle and moped, so the parties agreed to meet at the office of the executor's attorney to draw straws. At the meeting, Roy offered to pay more for the vehicle than its appraised value. At least one of the brothers objected. There is no dispute that Roy and his attorney then left the meeting and did not participate in drawing straws. In Roy's absence, Kenneth and Bruce agreed between themselves, without drawing straws, that Kenneth would receive the vehicle and the moped.

At the hearing on the executor's motion to approve the distribution of assets, Roy argued that, although he had left the meeting, his brothers remained obligated under the agreement to draw straws to determine who would receive the vehicle and moped. He objected to his brothers' decision to agree upon a

disposition of the vehicle and moped between themselves.  Following the hearing, the court granted the executor's motion to approve the disposition of the assets, finding that executor complied with the parties' agreement.  This appeal followed.

"Settlement agreements are contractual in nature and, therefore, are generally governed by principles of contract law."  Poland v. Twomey, 156 N.H. 412, 414 (2007).  "When interpreting a written agreement, we give the language used by the parties its reasonable meaning, considering the circumstances and the context in which the agreement was negotiated, and reading the document as a whole."  Behrens v. S.P. Constr. Co., 153 N.H. 498, 503 (2006).  In this case, the parties agreed that if more than one son wished to purchase the vehicle and moped, "the parties shall arrange to draw straws for the right to purchase said asset from the Estate."  Nothing in the record shows that Roy made any arrangement to draw straws.  Paragraph 9(E) of the parties' agreement provides that, as for the division of personal property not specifically distributed by other terms, "[t]he Parties shall meet and mutually agree on the division of the remaining household furniture and personal effects."

"The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made."  RSA 564-A:4 (2007).  We conclude that the record supports the trial court's finding that the executor complied with the parties' agreement.  We reject Roy's argument that the distribution should have been determined by competitive bidding.

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2